**GUO MEI CHEN, Petitioner,**

v.

**Alberto R. GONZALES,\* United States Attorney General, Respondent.**

No. 04–4563–ag.

United States Court of Appeals, Second Circuit.

April 12, 2006.

David X. Feng, New York, New York, for Petitioner.

Christopher J. Christie, United States Attorney for the District of New Jersey, Scott B. McBride, Assistant United States Attorney, Newark, New Jersey, for Respondent.

Present: Honorable AMALYA L. KEARSE, Honorable CHESTER J. STRAUB, and Honorable ROSEMARY S. POOLER, Circuit Judges.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as respondent in this case.

*SUMMARY ORDER*

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 12th day of April, two thousand six.

UPON DUE CONSIDERATION, it is ORDERED, ADJUDGED, AND DECREED that the petition for review of the decision of the Board of Immigration Appeals ("BIA") be and it hereby is DENIED.

Petitioner Guo Mei Chen, through counsel, petitions for review of the July 30, 2004 BIA decision affirming the decision of the immigration judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, the BIA has summarily adopted or affirmed the IJ decision without opinion, this Court reviews the IJ's decision. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review the IJ's applications of law *de novo. See, e.g., Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004).

We have described "persecution" as "the infliction of suffering or harm upon those who differ on the basis of a protected statutory ground." *Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir.2006). Although persecution is not limited to threats to life or freedom and may consist of "non-life-threatening violence and physical abuse," *Tian–Yong Chen v. INS,* 359 F.3d 121, 128 (2d Cir. 2004), to constitute persecution the adverse conduct must rise above the level of unpleasantness, annoyance, or harassment,

*see, e.g., id.; Nelson v. INS,* 232 F.3d 258, 263 (1st Cir.2000).

Here, the only evidence proffered by Chen to support his claim that he had suffered past persecution and had a well-founded fear of future persecution was his testimony that he was detained for three days at a family planning center, that he was hit once, and that family planning officials broke the windows in his house. We see no error in the IJ's ruling that such events did not rise to the level of persecution.

Although the IJ should have made separate findings as to Chen's eligibility for withholding of removal or CAT relief, the failure to do so was harmless and hence provides no basis for a remand. *See, e.g., Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 401 (2d Cir.2005) ("[W]e are not required to remand where there is no realistic possibility that, absent the errors, the IJ or BIA would have reached a different conclusion."). Because claims for withholding of removal face a heavier burden of proof than claims for asylum, *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 71 (2d Cir.2004), an applicant who fails to establish eligibility for asylum necessarily fails to establish eligibility for withholding where, as here, the applicant's testimony is the only evidence that his or her "life or freedom would be threatened," in the home country, 8 U.S.C. § 1231(b)(3)(A). And there is no evidence in the record to show that Chen is more likely than not to suffer torture upon return to China.

We have considered all of petitioner's contentions in support of this petition for review and have found them to be without merit. The petition for review is denied.

Chen's pending motion for a stay of removal is denied as moot.